Dear Mr. Lehman:
Your inquiry on behalf of the St. Tammany Parish School Board raises the following legal issue for our resolution:
 Is it a violation of the Open Meetings Law for a public body to allow opposing counsel to attend an executive session to discuss prospective litigation?
The Louisiana Open Meetings Law, LSA-R.S. 42:4.1, et seq., contains a list of exceptions allowing a public body to meet in executive session. Pertinent to your inquiry is the exception of LSA-R.S. 42:6.1(A)(2), providing:
 A public body may hold an executive session pursuant to R.S. 42:6
for one or more of the following reasons:
***
 Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
You question the legality of the presence of opposing counsel at an executive session of the school board called to discuss potential litigation. Although persons who are not members of a public body have no right to participate in an executive session, this office has previously recognized that a public body can permit individuals to attend whose presence is deemed necessary by that public body. In Attorney General Opinion 87-639, this office concluded:
 If the public body has properly entered an executive session, it may prohibit anyone not a member of the body from participating unless it is a hearing or discussion described in R.S. 42:6.1(A)(1) and (7) or any other similar discussions. However, nothing in the act prohibits the public body from allowing a person to participate if it deems that person's attendance necessary and provided the executive session is not a subterfuge to defeat the purpose of the act. (Emphasis added).
In conclusion, no violation of the Open Meetings Law has occurred where the school board has elected to allow opposing counsel to attend an executive session, assuming the session is properly called and not being used as a subterfuge to defeat the purposes of the Louisiana Open Meetings Laws.
We apologize for the delay in response to your inquiry. Please note that in the future we will require that a resolution of the school board seeking the opinion be attached to the opinion request, in accordance with the current policy of the Attorney General.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-233
cc: Mr. Virgle R. Ward, Jr. District 12 Representative St. Tammany Parish School Board